## THOMPSON *v.* McLEAN *et al.*

*(Supreme Court, General Term, Fifth Department. June 20, 1890.)*

**1. SALE—RIGHTS OF VENDOR.**
> Where a sale of goods is for cash, and after getting possession the vendee refuses to pay for a portion of the goods, the vendor may maintain replevin for such portion.

**2. LIABILITY OF AGENT FOR TORT.**
> One who wrongfully takes property as the agent of another is liable therefor.

Appeal from circuit court, Wyoming county.

Action by Charles D. Thompson against Alexander E. McLean and others. Judgment was given for plaintiff, and defendants appeal.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Fanning & Williams,* for appellants. *M. E. & E. M. Bartlett,* for respondent.

CORLETT, J. In February, 1889, William W. Durfee and the defendant Alexander E. McLean were engaged in buying apples for the defendant, Henry B. Slade, a fruit-dealer in the city of Rochester. On the 27th day of that month, Durfee made a contract, in behalf of the defendant Slade, for the purchase of a quantity of apples. The plaintiff's contention was that he sold all his apples for $1.25 per barrel. The defendants claim that they bought first quality of apples, only, for that price, and that no price was agreed upon for second-class fruit, which amounted to from 40 to 50 barrels. In March the apples were delivered at the Erie depot at Dale, in Wyoming county. The defendant paid $312.50 for 250 barrels at the alleged contract price for first-class apples. This left between 40 and 50 barrels claimed to be second class. The defendants refused to take these, and pay the price claimed by the plaintiff. He insisted upon the full price for all apples, and refused to allow any of them to be shipped until full payment. The defendants refused, and the plaintiff brought replevin. Issue was joined, and the action was tried in September, 1889, at a circuit in Warsaw, before the court and a jury. The trial resulted in a verdict for the plaintiff. The defendants made a motion for a new trial, which was denied. Judgment was entered, and the defendants appealed to this court. The plaintiff's evidence tended to show the purchase on the terms alleged by him, while the defendants' evidence tended to establish the reverse. The jury found for the plaintiff, the amount of the recovery being limited to the apples not paid for.

It is a familiar rule that, where the sale is for cash, the vendor has a right to the possession until payment. *Osborn* v. *Gantz*, 60 N. Y. 541; *Russell* v. *Nicoll*, 3 Wend. 112. A person wrongfully taking property is liable, although he acts as agent for another. *Latimer* v. *Wheeler*, 3 Abb. Dec. 42; *Judson* v. *Cook*, 11 Barb. 645. No exceptions were taken on the trial requiring comment. The evidence was sufficient to submit the case to the jury. No errors were committed requiring a new trial. Judgment and order must be affirmed.

All concur.