### THOMPSON v. McLEAN et al.

(*Supreme Court, General Term, Fifth Department.* April 16, 1891.)

REPLEVIN—GOODS SOLD—FAILURE TO ACCEPT ALL.

On a sale of apples for cash, the purchaser made a payment on account, and accepted and took possession of part of the apples, but refused to accept the remainder or to pay the balance of the price. *Held* that, the sale being indivisible, the seller could maintain replevin to recover the entire quantity of apples from the possession of the purchaser; and that he was not bound to restore the payment which had been made, before he could repossess himself of the property, as the case was not one of rescission of contract.

Reargument of appeal.

Action by Charles D. Thompson against Alexander McLean and another. See former report, 10 N. Y. Supp. 411; 12 N. Y. Supp. 957.

Argued before DWIGHT, P. J., and MACOMBER and CORTLETT, JJ.

*John R. Fanning,* for appellants. *M. E. & E. M. Bartlett,* for respondent.

MACOMBER, J. This action is replevin, and it was brought to recover the possession of 294 barrels of apples alleged to have been wrongfully taken by the defendants from the possession of the plaintiff. During the months of February and March, 1889, the defendant Alexander E. McLean and one William W. Durfee were engaged in buying apples for the defendant Slade. After various interviews with the plaintiff, Durfee finally, on the 27th day of February of that year, agreed to purchase for the defendant Slade the apples owned by the plaintiff at the price of $1.25 a barrel. The plaintiff's evidence shows that his entire crop was the subject of the sale, and that there was one uniform price for the whole. The defendants, however, gave evidence from which it was argued to the jury that there had been purchased

only a given amount at $1.25. The plaintiff took the apples to a warehouse on the line of the Erie Railway, with the expectation of delivering the same to the defendants under the agreement. This was in the month of March, 1889. There was paid to the plaintiff, on account, the sum of $300, by check dated March 15, 1889. The defendants' agent, Durfee, packed the apples, and marked the most of the barrels as "No. 1," but a few as "No. 2." He subsequently, namely, on the 16th day of March, claimed that he had not bought the apples marked "No. 2." From the plaintiff's evidence it is clear that the sale of the apples was indivisible, and that prepayment of the whole was a condition precedent to the right of the defendants to take possession of any of them. *Osborn* v. *Gantz,* 60 N. Y. 541; *Russell* v. *Nicoll,* 3 Wend. 112. The claim made by the defendants, that some of the apples which were taken to the warehouse were not included in the purchase, was one of fact for the jury, and it was a fact of importance; because whether this portion should go the defendants or not was to determine the rights of the parties in this controversy. For there was no objection made by the defendants to paying $1.25 a barrel for all that had been marked "No. 1" by the agent, Durfee. Yet it hardly admits of doubt that if the plaintiff's understanding of the bargain was that the entire quantity of apples should go under the purchase thus marked by the agent, not only those marked "No. 1" must be received and paid for, but the others also, before the defendants could lawfully possess themselves of any of the property. There was no actual delivery by the plaintiff of any portion of the apples. They were sent to the warehouse, and when the defendants refused to pay for the entire lot the plaintiff undertook to take possession of the same, and to remove them from the warehouse; whereupon the defendants interfered, and by force took possession of such portions as they desired; whereupon this action was brought to recover, as it now appears, the possession of the entire lot of 294 barrels.

A reargument of this case was ordered at the last October term, and a direction made that the case be resettled in certain particulars, which has been fully complied with. As the record stood at the first hearing in this court, it was uncertain whether the plaintiff's recovery was for the portion of apples which the defendants did not desire to take, or whether it was for the entire lot. The case then did not disclose in whose hands the property was at the time of the trial. The verdict of the jury was that the plaintiff was the owner of and entitled to the property described in the complaint, and assessed its full value at $55. The judgment followed the verdict. The sum of $55 represented the price of the barrels of apples which the defendants refused to receive; and hence it was very properly assumed by the court, on account of the very defective record before it, that there had been a recovery of the possession of the amount of apples only which had not actually been paid for. Upon the motion for reargument, it was claimed by the counsel for the appellants that the assumption so made by the court was erroneous, and we accordingly, for fear possibly some injustice had been done the parties, granted the motion, and directed a resettlement of the case. By the amendments now appearing, it is shown by the return of the sheriff that the entire lot of apples, 294 barrels, was taken by him under the notice in replevin, and turned over to the plaintiff. But this circumstance can make no difference in the application of the legal principle involved. If the sale was a unit and indivisible, as above shown, it follows that the plaintiff was not obliged to take the hazards of the market, and in order to indemnify himself to take possession only of so much of the property as he thought at the time might make him good for the unpaid purchase price, but he was entitled, in strict law, to possess himself of the whole, and to insist upon a compliance by the defendants with the bargain which they had made with him, namely, a payment in full for the whole quantity before they should

take into their possession and control any portion of the property. Under sections 1726 *et seq.* of the Code of Civil Procedure it was not necessary for the jury to determine the value of the property thus taken in replevin. It appears, however, that shortly after the purchase made by the defendants there was a serious fall in the price of apples, and that, shortly after the time of the consummation of the purchase, apples became a drug in the market, and would sell for only a small part of the current price of a few days previous. There is in this case no question pertaining to the laws of rescission of contracts. It is argued by the appellants' counsel that it was the duty of the plaintiff to restore the payment made upon the purchase before repossessing himself of the property. But, as is shown above, there was no occasion or room for any rescission of the contract. If the plaintiff's version of the transaction is true, as the jury has found, the contract to pay in full was to be performed prior to or simultaneously with his taking possession of the property. It was not an executed agreement. On the contrary, it was an executory contract, inoperative unless the defendants conformed to the very terms thereof in respect to payment. It follows, therefore, that the decision heretofore made in this case (*Thompson* v. *McLean*, 10 N. Y. Supp. 411) must be adhered to, and the judgment entered upon the verdict affirmed.

All concur.